UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALYSSA BEHM, | ) | CASE NO.  1:23-cv-2004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| DR. TOMISLAV MEHALJEVIC, *et al*., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff Alyssa Behm filed this action against the Cleveland Clinic Foundation ("CCF") Chief Executive Officer, three CCF employees, and twenty-seven members of the CCF Board of Directors.  Plaintiff contends her employment at CCF was terminated because she refused to comply with CCF's Covid-19 policies.  She asserts violations of 18 U.S.C. § 242, various federal regulations, the "Nuremberg Codes," the Ninth and Tenth Amendments to the United States Constitution, and the Ohio Constitution.  She seeks thirty-one separate declarations, unspecified monetary damages, and an injunction to prevent Defendants from "continuing to violate the aforementioned federal laws."  (Doc. No. 1 at 53.)[1]  Plaintiff also filed a Motion to Proceed *In Forma Pauperis*.  (Doc. No. 2.)

I. **Background**

CCF employed Plaintiff as a nursing cardiac monitor technician ("CMT") from December 10, 2018, to November 23, 2021.  (Doc. No. 1-13 at 111.)[2]

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[2] Plaintiff attached CCF's position statement to her Complaint, which CCF submitted in response to Plaintiff's Ohio Civil Rights Commission discrimination charge.  (Doc. No. 1-13 at 110.)  The

CCF has a four-step Corrective Action policy for employee discipline. (*Id.* at 112.) The fourth and final step of Corrective Action is termination. (*Id.*) According to CCF, on December 24, 2020, Plaintiff received her first Corrective Action for violating the attendance policy. (*Id.*) On January 23, 2021, she received her second Corrective Action for accessing a patient's information without authorization. (*Id.*) On April 24, 2021, Plaintiff received her third Corrective Action for violating the attendance policy. (*Id.*) After receiving the final written warning, Plaintiff was reprimanded for refusing to wear a mask. (Doc. No. 1 at 18.)

In the fall of 2021, CCF required all employees to disclose their Covid-19 vaccination status. (*Id.* at 18-19.) Plaintiff refused to provide such information. (*Id.* at 19.) On November 23, 2021, CCF terminated Plaintiff. (*Id.*) CCF states that Plaintiff willfully violated its policy that all employees disclose their Covid-19 vaccination status. (Doc. No. 1-13 at 113.) For this reason, and because of the prior Corrective Actions taken against Plaintiff, CCF terminated Plaintiff. (*Id.*) Plaintiff highlights that her termination occurred seventeen days before her third anniversary with CCF – when her interest in her pension plan would have vested. (Doc. No. 1 at 20.)

The crux of the Complaint is that CCF unlawfully terminated Plaintiff for refusing to comply with vaccination policies. (*See id.* at 16-18.) Besides requiring employees to attest to their vaccination status, CCF mandated that employees (not otherwise granted a medical or

---

Court may consider this document because it is (a) attached to the Complaint, (b) referred to in the Complaint, and (c) central to contextualizing the claims alleged in Plaintiff's claims. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court does not use CCF's statements in this document to "question the evidentiary foundation" of Plaintiff's allegations. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 442 (6th Cir. 2012) (noting that when an exhibit is being considered on a motion to dismiss is a non-legally dispositive document, the exhibit cannot be used to disregard allegations).

religious exemption) receive the first dose of the Covid-19 vaccine by December 6, 2021, and the second dose by January 4, 2022. (*Id.*) Plaintiff alleges that CCF violated federal law, international law, the United States Constitution, and the Ohio Constitution. (*See id.* at 6-49.)

### II.     Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Id.* at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.     Analysis

Plaintiff has not stated a viable federal claim. She first cites 18 U.S.C. § 242. (Doc. No. 1 at 6.) This is a criminal statute. It does not contain a private cause of action in a civil case. *Booth v. Henson*, 290 F. App'x 919, 920-21 (6th Cir. 2008); *United States v. Oguaju*, 76 F. App'x 579, 580 (6th Cir. 2003). Plaintiff also contends that CCF did not comply with federal regulations governing informed consent before imposing a vaccine requirement. (Doc. No. 1 at 23.) The regulations Plaintiff cites, 21 C.F.R. §§50.1-50.25, apply to clinical trials regulated by the Food and Drug Administration ("FDA"). 21 C.F.R. § 50.1(a).[3] Even liberally construed, the facts in this case do not suggest Plaintiff was part of an FDA-regulated clinical drug trial. Plaintiff also claims that CCF's Covid-19 policies violated international law, namely the Nuremberg Code. (Doc. No. 1 at 40.) Nothing alleged in the Complaint suggests a plausible claim for violations international law.

Plaintiff asserts that CCF violated her Ninth and Tenth Amendment rights. (Doc. No. 1

---

[3] This subpart defines the Scope of 21 C.F.R. § 50:

> This part applies to all clinical investigations regulated by the Food and Drug Administration under sections 505(i) and 520(g) of the Federal Food, Drug, and Cosmetic Act, as well as clinical investigations that support applications for research or marketing permits for products regulated by the Food and Drug Administration, including foods, including dietary supplements, that bear a nutrient content claim or a health claim, infant formulas, food and color additives, drugs for human use, medical devices for human use, biological products for human use, and electronic products. Additional specific obligations and commitments of, and standards of conduct for, persons who sponsor or monitor clinical investigations involving particular test articles may also be found in other parts (e.g., parts 312 and 812). Compliance with these parts is intended to protect the rights and safety of subjects involved in investigations filed with the Food and Drug Administration pursuant to sections 403, 406, 409, 412, 413, 502, 503, 505, 510, 513-516, 518-520, 721, and 801 of the Federal Food, Drug, and Cosmetic Act and sections 351 and 354-360F of the Public Health Service Act.

at 42.) Constitutional claims against those to have purportedly acted under the color of state law must be brought under 42 U.S.C. § 1983. *Smith v. Kentucky*, 36 F.4th 671, 674 (6th Cir. 2022); *Sanders v. Prentice-Hall Corp.*, 178 F.3d 1296 (Table), at *1 n.2 (6th Cir. 1999). To establish a *prima facie* case under Section 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

"A complainant can plead [herself] out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015); *see also Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 549 (6th Cir. 2000). Plaintiff does not allege that Defendants are state actors. (*See* Doc. No. 1 at 2.) In fact, she expressly alleges they are "a non-profit hospital['s]" officers, employees, and directors. (*Id.*) Plaintiff alleges the statutory language that Defendants were "acting under the color of state law" (*id*. at 2, 26), but she has not pleaded any facts establishing that the Defendants' actions are nonetheless "fairly attributed to the state," subjecting them to liability under Section 1983. *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Accordingly, Plaintiff has not stated a viable cause of action for violations of the Ninth or Tenth Amendments.

Plaintiff's claim for violations of the Ohio Constitution is a state law claim, not federal one. (Doc. No. at 41.) Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715,

725 (1966). The Court, however, has discretion to decline jurisdiction over state law claims. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the balance of factors will often "point [the district court] toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction over Plaintiff's state law claims.

As a final note, Plaintiff states that she filed a charge of discrimination with the Ohio Civil Rights Commission. (Doc. No. 1 at 48.) She also states that she obtained a right-to-sue letter on this charge. (*Id.*; *see also* Doc. No. 1-29 (right-to-sue letter attached to the Complaint).) But Plaintiff admits that she "did not meet the deadline for filing a complaint" on the claims raised in the charge. (Doc. No. 1 at 48-49.) Instead, Plaintiff "requests that the [C]ourt consider charges of discrimination since the Plaintiff filed *pro se*." (*Id.* at 49.) Regardless of her *pro se* status, the Court is not required to construe facts and claims not alleged in the complaint. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *see also Thomas v. Brennan*, No. 1:18-cv-1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) ("District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments.") Plaintiff alleges that Defendants' Covid-19 policies violate state, federal, and international law. And yet there is no allegation that these policies, when applied to her, constituted discrimination based on any protected characteristic.[4] (*See* Doc. No. 1.) The Court

---

[4] For example, Plaintiff indicates that her Ohio Civil Rights Commission charge related to violations of the Americans with Disabilities Act and the Genetic Information Nondiscrimination Act. (Doc. No. 1 at 49.) Yet, Plaintiff makes no allegation that she was disabled or was perceived as having a disability. Nor does Plaintiff allege that any of the Defendants' actions were "because of" her "genetic information." 42 U.S.C. § 2000ff–1(a).

will not consider claims not pleaded in the complaint.

### IV.     Conclusion

For the reasons stated herein, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(i), (ii). Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　BRIDGET MEEHAN BRENNAN
**Date**: March 4, 2024　　　　　　　　　　UNITED STATES DISTRICT JUDGE